## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

DENNY KENNEDY AND CAROL ) <br>
KENNEDY, ) <br>
             ) <br>
         Plaintiffs, ) <br>
             ) <br>
vs. )     CASE NO. CIV-15-573-M <br>
             ) <br>
RV GENERAL STORE, INC., ET AL.,) <br>
             ) <br>
         Defendants. )

## PLAINTIFFS DENNY KENNEDY AND CAROL KENNEDY'S AMENDED COMPLAINT

COME NOW Denny Kennedy & Carol Kennedy, who for their causes of action against defendants RV General Store, Inc. ("RVGS"); Dutchman Manufacturing, Inc. ("Dutchmen"); Lippert Components, Inc. ("Lippert"), and Tulsa Teachers Credit Union ("TTFCU") in this amended complaint state the following: Pursuant to FRCP 15(a)(2), counsel for Dutchmen, Lippert and RVGS have consented to this amended pleading. Process for TTFCU will need to be issued:

1. Denny Kennedy & Carol Kennedy are adults of legal age and capacity.

2. RV General Store Inc. is an Oklahoma corporation with active status as reported by the Oklahoma Secretary of State.

1

3.    Dutchman Manufacturing, Inc.   ("Dutchmen")  and Lippert Components, Inc. ("Lippert") are foreign corporations doing business in Oklahoma.

4.    Tulsa Teachers Credit Union ("TTFCU") is a federally chartered credit union doing business in Oklahoma.

5.    Denny Kennedy & Carol Kennedy went to RV General Store in October of 2012 to look at fifth wheel trailers.  They intended to use it for various family needs.

6.    The Kennedys executed paperwork to purchase a 2012 Dutchmen  Infinity  Fifth  Wheel  trailer,  3870FK,VIN #47CFNFV22CC661412.  They took delivery on November 1, 2012.

7.    Denny Kennedy & Carol Kennedy are experienced RV owners having previously owned three units prior to this purchase, among these was another fifth wheel trailer.

8.    In November, 2012, the Kennedys took the trailer for an outing and afterward made a punch list for needed repairs and adjustments and returned to RVGS in or around November 29, 2012.

9.    The Kennedys needed the repairs to be completed within a month as Denny Kennedy annually spends time in Tulsa, Oklahoma, where off-season NASCAR races take place.   RVGS gave

2

the Kennedys a repair schedule, which included a finishing date which would have been in time for Denny Kennedy to use in Tulsa. However, when he went to pick  up the trailer from RVGS in December 2012,  it was still not fixed.

10.    In February, 2013, RV General Store received approval from Dutchmen to extend the punch list.   On February 13, 2013, the trailer's leveling  jacks would not go down for the first time.  This item was added to the punch list.

11.    From February 8, 2013, until May, 2013, the unit was still not repaired but the Kennedys needed it, so they picked it up from RVGS.

12.    Around August 8, 2013, RVGS went to pick up the RV in Tuttle, Oklahoma, where it was stranded with the leveling jacks down.

13.    The trailer taken to Tulsa again from December, 2013 until January, 2014.   The trailer was stuck there as Denny Kennedy again had trouble with the leveling jacks.  In this case, they would not retract.   Denny Kennedy spoke to the service manager for RVGS, who told him what to do to get the trailer home.

14.    Denny Kennedy got the trailer home, and after that, he returned it to RVGS.

15.    RVGS kept the trailer for another four months.  During that time, the Kennedys were led to believe a representative from Lippert flew in to Oklahoma City in order to look at the Kennedys' trailer as well as other units that were encountering similar problems.

16.    According to the service manager at RVGS, the Lippert representative claimed that Dutchmen installed a wrong leveling system, and that Dutchmen installed a four point leveler when it should have installed a 6 point leveler.

17.    Dutchmen and Lippert have pointed fingers at each other as to who is responsible for the levelers' failure to retract.

18.    No one has been able to repair the trailer's levelers.

19.    Afterward, the Kennedys brought the trailer home and parked it.

20.    Without the use of the trailer, the Kennedys have had to choose alternative travel options.

21.    Dutchmen has failed to build a merchantable product that does not conform to the representations in the sales literature. Most notably the electronic leveling jack does not work reliably and has not been repaired satisfactorily despite a representative from Lippert

purportedly personally visiting the dealership and looking at the trailer, and claiming that Dutchmen had installed the wrong system.

22.    Alternatively, Lippert has failed to build operational components to allow the levelers to work properly, despite numerous opportunities to repair as well a extensive time in the RVGS service department.

THEREFORE, on the grounds stated above, Denny and Carol Kennedy make the following legal claims:

23.    Against Dutchman Manufacturing & Lippert:

a.    Violations of the Magnuson-Moss Warranty Act.    15 U.S.C. §2301;

b.    Breaches of Limited Express Warranty 12A O.S. §2-313;

c.    Failures of Implied Warranty – Merchantability. 12A O.S. §2-314;

d.    Failure of the Essential Purpose 12A  O.S. §2-719(2)P;

24.    Against RV General Store:

Revocation of Acceptance under 12A O.S. §2-608.

• The trailer has non-conformities, most notably a leveling system that does not operate reliably, despite numerous attempts to repair and extended time at the RVGS service department.

- These non-conformities are material defects that substantially impair the value of the trailer to Denny and Carole Kennedy.

- They accepted without discovering the defects as they could only be revealed through use.

- The plaintiffs made timely demands for repurchase or replacement of the trailer to RVGS, but these were refused.

25.   Because the trailer's warranties have failed their essential purpose, all attempted limitations on the warranty fail as well. Denny and Carol Kennedy seek from Dutchmen and RV City  the repurchase of the Dutchmen trailer, plus the recoupment of their consequential and incidental expenses, as well as attorney fees.

26.   Pursuant to the Federal Trade Commission's "Holder Rule" 16 CFR §433, and pursuant to the language in the retail installment sale contract subjecting any holder of the contract to all claims and defenses that the plaintiff could assert against the seller, TTFCU is liable to plaintiffs Denny Kennedy and Carol Kennedy, for all of their claims against RVGS, up to the amounts that they paid in under the contract.

WHEREFORE, premises considered, Plaintiffs Denny Kennedy and Carol Kennedy respectfully pray for judgment against Defendants:

    A.    For actual damages.

    B.    Cancellation/Revocation of Acceptance/Rescission;

    C.    For interest and costs;

    E.    Attorneys' fees; and

    F.    For such other relief as this Court deems just and proper.

Respectfully submitted by,


/s *Louis M . Green*

---

Louis M. Green, OBA#12682
Louis M. Green, Attorney at Law PLLC
3101 N. Classen, Suite 100
Oklahoma City, OK 73118
405.600.9933 (Voice)
888-586-8739 (Fax)
Attorney for Plaintiffs

Jury Trial Demanded
Attorney's Lien Claimed

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Miranda A. Calhoun

A. Scott McDaniel

Trevor Pemberton


/s *Louis M. Green*
Louis M. Green

8